UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06437-SVW-RAO | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Steven Sandoval v. Lockheed Martin Corporation et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [22] AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND [23]

## I. Introduction

Before the Court is a motion to dismiss brought by Defendant Lockheed Martin Corporation ("Lockheed"). Lockheed's Motion to Dismiss, ECF No. 22 ("Motion to Dismiss"). Also before the Court is a motion to remand brought by Plaintiff Steven Sandoval ("Plaintiff"). Plaintiff's Motion to Remand, ECF No. 23 ("Motion to Remand"). For the following reasons, the motion to dismiss is GRANTED and the motion to remand is GRANTED IN PART and DENIED IN PART. The Court sets the remaining claims in the case for trial on April 29th, with a pretrial conference set for April 21st.

## II. Factual and Procedural Background

Lockheed is an aerospace company and aircraft manufacturer who is an employer in California. First Amended Complaint, ECF No. 1 ("FAC") ¶ 16. Plaintiff and Defendant Adina Ramirez ("Ramirez") were coworkers, both employed by Lockheed. *Id.* ¶ 17-18.

In June 2023, Plaintiff and Ramirez had a conversation at work where Ramirez accused Plaintiff of being the type of person to come to work and shoot someone. *Id.* ¶ 19. Plaintiff responded to this

Initials of Preparer     :
                    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06437-SVW-RAO | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Steven Sandoval v. Lockheed Martin Corporation et al* | | |

comment by saying Ramirez would "be the first to go." *Id.* Ramirez reported this conversation to Lockheed, who commenced an investigation. *Id.* ¶ 19, 21. During the investigation, Lockheed placed Plaintiff on indefinite suspension and interviewed Ramirez, Plaintiff, and two other employees, discussing the conversation between Ramirez and Plaintiff with everyone interviewed. *Id.* ¶ 23-28. Lockheed's report notes that both other employees thought Plaintiff was joking during the conversation with Ramirez.[1] *Id.* 25, 28. Lockheed then concluded the investigation, stated that Plaintiff threatened another person with a weapon, and terminated Plaintiff. *Id.* ¶ 29.

Plaintiff filed this lawsuit in state court on July 10, 2024, suing Lockheed and various Doe defendants for defamation, breach of the covenant of good faith and fair dealing, and wrongful termination. State Court Complaint, ECF No. 1-2 ("State Complaint") ¶ 26-49. Lockheed removed the case to this Court on July 30, 2024, asserting diversity jurisdiction. Notice of Removal, ECF No. 1. Lockheed is incorporated and headquartered in the state of Maryland, making it a citizen of Maryland only, while Plaintiff is a California citizen. *Id.* ¶ 11(a-d). Neither party contests that the amount in controversy requirement is satisfied.

Plaintiff then amended his complaint in this Court, bringing defamation claims against Ramirez and Lockheed and claims for wrongful termination, breach of the covenant of good faith and fair dealing, and other violations of the California Government Code against Lockheed only. FAC ¶ 34-80. Ramirez was not included in the original complaint; Plaintiff alleges that as of the time of the original complaint he was "ignorant of [Ramirez's] true name" and has substituted Ramirez in for one of the Doe defendants in the FAC.[2] State Complaint; FAC ¶ 7-8. Notably, Ramirez is a citizen of California. FAC ¶ 8.

Lockheed now moves to dismiss the defamation claim, arguing that the statements at issue are subject to qualified privilege. Motion to Dismiss. Plaintiff opposes the motion to dismiss and additionally moves to remand the case back to state court on the grounds that Ramirez's presence in the case destroys complete diversity. Plaintiff's Opposition to Motion to Dismiss, ECF No. 24; Motion to Remand. Lockheed opposes the Motion to Remand. Lockheed's Opposition to Motion to Remand, ECF No. 28.

---

[1] One employee was present for the conversation and took Plaintiff's comment as a "bad joke"; the other was not present for the conversation but after speaking with other employees believed that Plaintiff was "joking around." *Id.* ¶ 25, 28.
[2] The Court notes that the number of Doe defendants in both the State Complaint and the FAC is 20.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06437-SVW-RAO | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Steven Sandoval v. Lockheed Martin Corporation et al* | | |

### III. Plaintiff's Motion to Remand

The Court finds that Ramirez was improperly joined to this litigation and her joinder destroys complete diversity. Therefore, the Court remands the claim against Ramirez to state court for lack of subject matter jurisdiction.

#### A. Legal Standard

Remand may be granted for a defect in the removal procedure or for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). A removing defendant bears the burden of proving that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal, courts must resolve that doubt in favor of remanding the action to state court. *Id.*

Generally, motions to amend a complaint to add new parties are governed by Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a). "In general, a court should liberally allow a party to amend its pleading." *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Fed. R. Civ. P. 15(a)).

However, Rule 15 is inapplicable where—as is the case here—a party seeks to amend its complaint after removal to join a diversity-destroying defendant. That type of amendment is analyzed under 28 U.S.C. § 1447(e), under which the court may deny joinder or permit joinder and remand the action to state court. When deciding whether to permit joinder under § 1447(e), district courts have considered the following factors:

> 1. whether the party sought to be joined is needed for just adjudication and would be joined under Fed.R.Civ.P. 19(a);
> 2. whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder;
> 3. whether there has been unexplained delay in seeking the joinder;
> 4. whether the joinder is solely for the purpose of defeating federal jurisdiction;
> 5. whether the claim against the new party seems valid;
> 6. the possible prejudice that may result to any of the parties in the litigation;

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06437-SVW-RAO | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Steven Sandoval v. Lockheed Martin Corporation et al* | | |

7. the closeness of the relationship between the new and the old parties;
8. the effect of an amendment on the court's jurisdiction; and
9. the new party's notice of the pending action.

*Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015)

    **B.**    **Joinder of Ramirez**

Applying the factors governing joinder of a post-removal and diversity-destroying defendant demonstrates that Ramirez should not be joined.

As to the first factor, while Ramirez herself is an important part of the *facts* supporting the defamation claim against Lockheed, her presence here as a party is completely unnecessary for *adjudication of the claim* against Lockheed. Ramirez is additionally unnecessary for the adjudication of the defamation claim against Lockheed because that claim is not legally viable due to the application of qualified privilege, whether or not Ramirez is present. *See* Section IV.B, *infra*. Further, the remainder of Plaintiff's claims against Lockheed do not regard Ramirez at all, only Lockheed's actions taken in response to Ramirez's complaint made to Lockheed.

The second and third factors bear little on the analysis. As to the second factor, since this Court can remand the Ramirez claim to state court, no statute of limitations issue is presented. As to the third factor, no significant delay of joinder is present here.

As to the fourth factor, this Court retains serious doubts about Plaintiff's motive in joining Ramirez, as many signs point to Ramirez's joinder here being solely to defeat federal jurisdiction. Plaintiff alleges that Ramirez was his coworker and that he was familiar enough with Ramirez at work that he knew she had struggles with work performance, that he was "looking out for her," and that they had multiple conversations just in June 2023. At the same time, Plaintiff alleges that he was "ignorant" of Ramirez's name. Such a claim strains credulity; Plaintiff must have known Ramirez by some name, even if not her full legal name. And if Plaintiff was aware of some name for Ramirez, even if not her full legal name, he could have attempted to name her as an actual individual defendant, even if under the wrong name, and then amended to substitute in her true name. While Plaintiff claims that he is now

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06437-SVW-RAO | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Steven Sandoval v. Lockheed Martin Corporation et al* | | |

"substituting" Ramirez in for a Doe defendant, the number of Doe defendants in the State Complaint is 20, and the number of Doe defendants in the FAC is also 20, indicating that nobody was actually "substituted." In sum, the Court finds it likely that Ramirez was joined here merely to defeat federal jurisdiction, particularly because Ramirez is not an indispensable party to this litigation.

The remaining factors bear little on the analysis, and to the extent they matter, they lean toward denying joinder. As to the fifth factor, while the Court declines to rule on dismissal of the Ramirez claim, it appears likely that Ramirez's alleged publication of the defamatory statements may, like Lockheed's publication, be subject to qualified privilege under California law given that she is only alleged to have published them to her employer as it regarded a coworker's conduct in the workplace. *See* Section IV.B, *infra*.

As to the sixth factor, the Court finds that allowing Ramirez to be joined may prejudice Lockheed, while remand of the Ramirez claim to state court will not prejudice Plaintiff. Remand to state court will allow adjudication of the Ramirez claim without creating any problem of subject matter jurisdiction in this matter. Further, joinder of Ramirez may confuse the issues here where Plaintiff's remaining claims center mostly around his termination by Lockheed. For many of the reasons remand is appropriate here, *see* Section III.C, *infra*, this factor leans against joinder.

As to the seventh factor, while Ramirez was an employee of Lockheed, they are positioned substantially differently in the litigation, as none of the employment discrimination claims are brought against Ramirez. Therefore, this factor leans slightly against joinder.

As to the eighth factor, allowing amendment to add Ramirez here would destroy the Court's subject matter jurisdiction. This factor therefore leans against joinder.

Finally, as to the ninth factor, no proof of service has been filed by Plaintiff showing that Ramirez has notice of the amendment. In fact, Ramirez does not even yet appear on the docket. This factor therefore leans somewhat against joinder. Even to the extent Ramirez may have notice merely based on her alleged involvement in these events, the Court finds the final factor unimportant in these circumstances when other key factors clearly weigh against Ramirez's joinder.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06437-SVW-RAO | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Steven Sandoval v. Lockheed Martin Corporation et al* | | |

In sum, because several key factors, particularly the first factor, lean heavily against allowing Ramirez to be joined, the Court finds that Ramirez should not be properly joined under 28 U.S.C. § 1447(e). As will be discussed next, the Ramirez claim will be remanded to state court to avoid destroying complete diversity in the case that is properly in this Court.

    **C.**    **Remand of the Claims**

Because Ramirez and Plaintiff are both California citizens and the only claim against Ramirez is a state law defamation claim, this Court lacks jurisdiction over Plaintiff's claim against Ramirez. However, without Ramirez present, complete diversity does exist, as Plaintiff and Lockheed are citizens of different states and the amount in controversy requirement is satisfied.

The claims against Lockheed and Ramirez present significantly different questions of fact and law and therefore remand of only the Ramirez claim is appropriate. Though Plaintiff brings defamation claims against both Lockheed and Ramirez for the same statements, the theories of liability of each claim are substantially different. Under California law, "[t]he elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage…the defamatory statement must [also] refer to, or be of and concerning, the plaintiff. *John Doe 2 v. Superior Ct.*, 1 Cal. App. 5th 1300, 1312 (2016) (cleaned up).

While some elements of defamation would be substantially similar or identical for both claims, Lockheed and Ramirez published the statements to different people, could have different levels of intention, and their individual publications may have caused different reputational damages (or no damages at all). Further, and as will be discussed below, the defamation claim cannot proceed against Lockheed in any event as qualified privilege applies. *See* Section IV.B, *infra*. Also notable is that the other claims against Lockheed do not concern the truth or falsity of the statements at issue or Lockheed's intention in publishing them; the other claims all concern whether Lockheed acted reasonably in placing Plaintiff on leave and subsequently terminating him.

Under these circumstances, the Court declines to exercise supplemental jurisdiction over the Ramirez claim. Therefore, the Ramirez claim must be remanded to state court because this Court lacks subject matter jurisdiction. However, because the Court does have diversity jurisdiction over the

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06437-SVW-RAO | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Steven Sandoval v. Lockheed Martin Corporation et al* | | |

Lockheed claims, granting remand on those claims would be improper where, as here, there was no defect in the removal procedure. As a result, Plaintiff's motion to remand is GRANTED IN PART and DENIED IN PART; the joinder of the defamation claim against Ramirez is denied, and the claim is remanded to state court, but the claims against Lockheed will remain in this Court.

## IV. Lockheed's Motion to Dismiss

The Court finds that Lockheed's publication of the statements was subject to qualified privilege. Therefore, the defamation claim against Lockheed must be dismissed.

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. See Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06437-SVW-RAO | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Steven Sandoval v. Lockheed Martin Corporation et al* | | |

### B.   Qualified Privilege and Lockheed's Publication

Under California law, "[a] privileged publication…is one made [i]n a communication, without malice, to a person interested therein, (1) by one who is also interested." *Cuenca v. Safeway San Francisco Emps. Fed. Credit Union*, 180 Cal. App. 3d 985, 995 (Cal. Ct. App. 1986) (quoting Cal. Civ. Code § 47(c)). Further, "[c]ommunications made in a commercial setting relating to the conduct of an employee have been held to fall squarely within the qualified privilege for communications to interested persons." *Id.*

Lockheed's statements here squarely fall within the common interest privilege under California law. Lockheed's publication of the statements at issue here was made pursuant to an investigation of employee conduct in the workplace and only to other employees who worked with Plaintiff and could have shared relevant information with Lockheed. While Plaintiff alleges that Lockheed's investigation came to the wrong conclusion, the result of the investigation has no bearing on the common interest privilege extending to Lockheed's publication itself. Plaintiff must plead malice on Lockheed's part to defeat the common interest privilege, but Plaintiff's complaint fails to state any facts upon which this Court could find malice. Therefore, Lockheed's motion to dismiss is GRANTED.

### V.   Conclusion

For the foregoing reasons, Lockheed's Motion to Dismiss is GRANTED and Plaintiff's Motion to Remand is GRANTED IN PART and DENIED IN PART. Plaintiff's defamation claim against Lockheed is dismissed without prejudice. Plaintiff's defamation claim against Ramirez is remanded to state court; the remaining claims against Lockheed will remain in this Court. Trial on those remaining claims will be April 29, 2025 at 9:00 a.m., with the pretrial conference set for April 21, 2025 at 1:30 p.m.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |